IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Weldon Eugene Holtzclaw, Jr., | ) | C/A No. 6:25-cv-11254-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Hunter Blouin, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's complaint alleging violations of his constitutional rights.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report").  On May 15, 2026, the Magistrate Judge issued a Report recommending that this action be dismissed with prejudice, without issuance and service of process, and without leave to amend.  ECF No. 6.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff filed objections.  ECF No. 8.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.  The Magistrate Judge recommends dismissal because the complaint is barred by res judicata, any claims against Judge Salvini fail because she is entitled to judicial immunity, Defendant Hunter Blouin is not a state actor, and portions of Plaintiff's complaint are frivolous.  In his objections, Plaintiff states "I, Weldon Eugene Holtzclaw Jr. appeal the above referenced entries."  ECF No. 8.  While Plaintiff does not directly address the substance of the Report, because he filed objections, the Court's review has been de novo.  Upon review, the Court adopts and incorporates herein the Magistrate Judge's thorough analysis.

To the extent his objections should be liberally construed as objections to the Magistrate Judge's no serve order, the Court addresses that here.  The Magistrate Judge's order is non-dispositive.  Federal Rule of Civil Procedure 72(a) permits a party to

2

submit objections/appeals to a magistrate judge's ruling on non-dispositive matters. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). The objections/appeal must be filed and served within 14 days after being served a copy of the non-dispositive order. *Id*. Further, the Court's review is governed by the clearly erroneous or contrary to law standard of review. *Id*. Only if the decision is clearly erroneous or contrary to law may the district judge modify or set aside any portion of the decision. *Id*. A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948). The Court has reviewed the Magistrate Judge's order and Plaintiff's objections. Upon such review, the Court finds that the Magistrate Judge's order is neither clearly erroneous nor contrary to law. Accordingly, the objections are overruled.

## CONCLUSION

Accordingly, the Court agrees with the Report of the Magistrate Judge. This action is **DISMISSED** with prejudice, without issuance and service of process, and without leave to amend.

This action is closed. Pursuant to the Fourth Circuit's order in Nos. 25-6695 and 25-7017 (4th Cir. July 23, 2026), prior to filing an appeal, Plaintiff is required to seek certification that the appeal is non-frivolous from the undersigned. If Plaintiff intends to pursue an appeal, he is directed that he may file one document listing one case number

and labeled clearly as "Notice of Request to Appeal."  If the document complies with these

requirements, it will be docketed in this case and the Court will issue or deny a certification

as soon as practicable.  Any other filings in this case will be retained by the Clerk's Office

but will not be docketed.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

August 5, 2026
Spartanburg, South Carolina